**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **TWAYLER V. NEWSOME** | § | |
| | § | |
| **V.** | § | **A-13-CV-826 LY** |
| | § | **(A-12-CR-298 LY)** |
| **UNITED STATES OF AMERICA** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   **THE HONORABLE LEE YEAKEL**
     **UNITED STATES DISTRICT JUDGE**

Before the Court is Twayler V. Newsome's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 56), the Government's Response to Petitioner's Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 59), and Petitioner's Reply (Dkt. No. 60).  The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I.  Background

On August 7, 2012, Movant Twayler V. Newsome ("Newsome") was charged in a one-count indictment with possession with intent to distribute a controlled substance, containing a detectable amount of cocaine base, a Schedule II Controlled Substance, in violation of 21 U.S.C. § 841(a).  On December 7, 2012, pursuant to a plea agreement, Newsome entered a plea of guilty to the one-count indictment. On June 25, 2013, the District Court accepted the Fed. R. Crim. P. 11(c)(1)(C) agreement and sentenced Newsome to an agreed-upon 108-month term of imprisonment, followed

by a three-year term of supervised release, and ordered that Newsome pay a $100 mandatory assessment fee. Newsome did not file a direct appeal.

Newsome now files the instant motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 alleging that: (1) based upon the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), her sentence should be vacated because that case held that any fact that triggered a mandatory minimum sentence must be alleged in the indictment and proven to a jury beyond a reasonable doubt; (2) *Alleyne* requires that her guideline range and criminal history category be recalculated because she was advised by the court, the prosecution, and her attorney that her requisite statutory factual predicate was not an element of her crime; and (3) in light of the Supreme Court's decision in *Descamps v. United States*, 133 S.Ct. 2276 (2013), her classification as a career offender under the guidelines was in error. The Unites States argues that these two cases are inapplicable to Newsome, and thus she is not entitled to habeas relief.

## II.  Legal Standard

Under § 2255, four general grounds exist upon which a defendant may move to vacate, set aside, or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under § 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is

2

not of constitutional or jurisdictional magnitude, then the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994). As the Supreme Court has explained, the reason for these rules is that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

## III. Analysis

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be proven beyond a reasonable doubt by submission to the jury. 133 S.Ct. at 2155. *Alleyne* applies only to statutory mandatory minimum sentences and requires that the mandatory minimum sentence be submitted to a jury for a finding on that element. Newsome was not subjected to a mandatory minimum sentence. She entered a guilty plea to a Class C felony drug offense, which exposed her to a maximum sentence of 20 years and no minimum sentence. Because the offense for which Newsome was convicted contains no mandatory minimum sentence, *Alleyne* is inapplicable and this issue should be rejected. *See United States v. Neuner*, ––– Fed. Appx. –––, 2013 WL3456747 at *3 n.3 (5th Cir. 2013).

Similarly, *Descamps* does not apply in the instant case. *Descamps* held that courts may not use the modified categorical approach to sentencing when determining if an individual is a career offender for sentencing purposes when the predicate crime has a single indivisible set of elements. *Descamps*, 133 S.Ct. at 2281. In this case, Newsome was not found to be a career offender and her sentence was not enhanced based upon her criminal history. *See* PSR, Part B, pp. 6-12. *Descamps* is inapplicable and this claim fails.

To the extent that Newsome may be alleging that her counsel was somehow ineffective (she only vaguely alludes to her counsel's actions) this claim also fails. *See* Reply at p. 3, § B(d). She alleges in her Motion that she received "incorrect legal advice" from the judge, her lawyer, and prosecutor "that my requisite factual predicate were not elements of the crime with which I was charged." *See* Motion at p. 4. In order to succeed on an ineffective assistance of counsel claim, a petitioner must prove that (1) her "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In this case not only are *Alleyne* and *Descamps* inapplicable and any claim that counsel was deficient for failure to raise *Alleyne* or *Descamps* issues, but Newsome also cannot make out any prejudice to her because her prior offenses were not in fact elements of the crime for which she was charged. Newsome did not receive incorrect legal advice and her sentence was therefore not negatively impacted by her counsel's actions. This claim also fails.

## IV.  Recommendation

Accordingly, the undersigned RECOMMENDS that the District Court DENY Twayler V. Newsome's  Motion to Vacate, Set Aside or Correct Sentence (Dkt. No. 56).

## V.  Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under section 2255 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of the movant's section 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, a certificate of appealability shall not be issued.

## VI.  Warning

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of

5

the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 22nd day of September, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE